# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### 5:19-cv-152-KDB
### (5:97-cr-1-KDB-1)

|  |  |  |
|---|---|---|
| SEAN LAMONT DUDLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on *pro se* Petitioner's "Motion to Vacate and Set Aside Criminal Judgment Entered Pursuant to Title 28 U.S.C. 2255(b)," (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive § 2255 petition which must be dismissed for lack of jurisdiction.

## I.     BACKGROUND

Petitioner pled guilty in the underlying criminal case to conspiracy to possess with intent to distribute cocaine (21 U.S.C. §§ 846, 841(a)(1)) and possession of cocaine with intent to distribute and aiding and abetting the same (21 U.S.C. §§ 841(a)(1) and 2). See (5:97-cr-1, Doc. No. 50). The Court issued a Judgment on April 1, 1998, sentencing Petitioner to 360 months' imprisonment followed by eight years of supervised release. (Id., Doc. No. 67). Petitioner challenged his sentence on direct appeal and the Fourth Circuit Court of Appeals affirmed. United States v. Dudley, 165 F.3d 20 (4th Cir. 1998) (unpublished table decision).

On September 27, 1999, Petitioner filed a § 2255 Motion to Vacate that the Court denied on the merits, case number 5:99-cv-152. The Fourth Circuit dismissed Petitioner's appeal. Dudley

1

v. United States, 46 Fed. Appx. 188 (4th Cir. 2002) (unpublished).

Petitioner subsequently filed a number of § 2255 petitions in this Court that have been dismissed as unauthorized successive petitions pursuant to 28 U.S.C. § 2255(h). See 5:13-cv-132; 5:13-cv-161; 5:14-cv-28; 5:14-cv-43; 5:14-cv-57; 5:14-cv-104; 5:17-cv-127; 5:18-cv-173; 5:19-cv-46; 5:19-cv-110.

Petitioner filed the present § 2255 Motion to Vacate on November 12, 2019. He again attacks the validity of his 1998 Judgment, arguing that the Court lacked subject-matter jurisdiction to enter the criminal Judgment pursuant to Rule 11(b)(3) of the Federal Rules of Criminal Procedure, which renders the Judgment void.

## II.    LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the

2

requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015).

### III.    DISCUSSION

The instant Motion to Vacate is an unauthorized second or successive § 2255 petition over which the Court lacks jurisdiction. Petitioner has already filed a § 2255 petition which the Court denied on the merits. He subsequently filed a number of unauthorized successive § 2255 petitions that have been dismissed. Petitioner has now filed another § 2255 petition and he does not allege that he has received permission from the Fourth Circuit a second or successive § 2255 petition under § 2255(h).

Because Petitioner has provided no evidence demonstrating that he has obtained authorization from the Fourth Circuit to file a second or successive § 2255 Motion to Vacate, the Court lacks jurisdiction over the instant action and it must be dismissed. See Winestock, 340 F.3d at 205.

### III.    CONCLUSION

For the reasons stated herein, the instant § 2255 Motion to Vacate is dismissed as an unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1.     Petitioner's § 2255 Motion to Vacate is **DISMISSED** for lack of jurisdiction.

2.     **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322,

3

338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 24, 2020

Kenneth D. Bell
United States District Judge

4