UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-152-KDB
(5:97-cr-1-KDB-1)

| | |
|---|---|
| SEAN LAMONT DUDLEY, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Petitioner's "Memorandum of Law in Support of Motion to Vacate Criminal Judgment Pursuant [to] Title 28 U.S.C. § 2255(b)" [Doc. 4].

**I.     BACKGROUND**

In the underlying criminal case, Petitioner pleaded guilty to conspiracy with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One), and aiding and abetting the possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § (2) (Count Two). See [5:97-cr-1 ("CR") Doc. 50].  He was sentenced to 360 months' imprisonment in a Judgment entered on April 1, 1998.  [CR Doc. 67].  The Fourth Circuit affirmed on appeal.  United States v. Dudley, 165 F.3d 20 (4th Cir. 1998) (unpublished table decision).

On September 27, 1999, Petitioner filed a § 2255 Motion to Vacate which the Court denied on the merits, Case No. 5:99-cv-152-FDW. The Fourth Circuit dismissed Petitioner's appeal in 2002. Dudley v. United States, 46 F. App'x 188 (4th Cir. 2002) (unpublished).

Petitioner subsequently filed numerous actions that this Court that have been dismissed as unauthorized successive § 2255 proceedings pursuant to 28 U.S.C. § 2255(h).  See 5:13-cv-132-

1

RLV; 5:13-cv-161-RLV; 5:14-cv-28-RLV; 5:14-cv-43-RLV; 5:14-cv-57-RLV; 5:14-cv-104-RLV; 5:17-cv-127-FDW; 5:18-cv-173-FDW; 5:19-cv-46-FDW; 5:19-cv-110-KDB.

In the instant case, Petitioner filed a § 2255 Motion to Vacate that again attempted to challenge the validity of his 1998 Judgment by arguing that the Court lacked jurisdiction to enter the criminal Judgment pursuant to Rule 11(b)(3) of the Federal Rules of Criminal Procedure, because there was an insufficient factual basis to support the conspiracy conviction in Count One. [Doc. 1]. The Court dismissed the Motion to Vacate on April 24, 2020 for lack of jurisdiction, finding that it is yet another unauthorized, successive § 2255 petition. [Doc. 2]. Petitioner did not appeal.

On March 14, 2022,[1] Petitioner filed the instant "Memorandum of Law…" asking the Court to use its inherent power to determine that it lacked jurisdiction to enter the Judgment in the criminal case. [Doc. 4 at 1-2]. He again argues that the Court lacked jurisdiction to enter the criminal Judgment pursuant to Rule 11(b)(3) of the Federal Rules of Criminal Procedure because there was an insufficient factual basis to support the conspiracy conviction in Count One. He asks the Court to vacate the 1998 criminal Judgment. [Id. at 10].

**II.      DISCUSSION**

Petitioner's "Memorandum of Law…" is construed as a Rule 60(b) Motion for Relief from Judgment.

Rule 60 provides permits a court to correct orders and provide relief from judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule).

discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time" and, for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a petitioner satisfies these requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm

Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). Id.

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against re-litigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015); 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

As a general matter, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207; see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition).

The instant Motion was filed more than a year and 10 months after the § 2255 Order was issued. Petitioner asks the Court to reconsider its April 24, 2020 Order dismissing his Motion to Vacate for lack of jurisdiction pursuant to 28 U.S.C. § 2255(h), and reiterates his challenge to the validity of the conspiracy conviction. Petitioner fails to cite any new fact or change of law that

4

would make this Motion timely, or that would cast doubt on the Court's disposition of the § 2255 Motion to Vacate. Further, the Court lacks jurisdiction to grant the relief that Petitioner seeks because Petitioner is asking the Court to consider his Motion to Vacate on the merits. The instant Motion for Relief from Judgment is, therefore, in essence yet another unauthorized second or successive application for § 2255 relief over which this Court lacks jurisdiction. Accordingly, the Motion for Relief from Judgment will be dismissed and denied.

### III. CONCLUSION

For the reasons stated herein, Petitioner's "Memorandum of Law…" [Doc. 4] is construed as a Motion for Relief From Judgment pursuant to Rule 60(b), and it is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Memorandum of Law…" [Doc. 4] is construed as a Motion for Relief From Judgment pursuant to Rule 60(b), and it is **DISMISSED and DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right); see also United States v. Ethridge, 664 Fed. Appx. 304 (4th Cir. 2016) (a defendant is required to obtain a COA to appeal

the denial of a Rule 60(b) motion that is not recharacterized as a § 2255 motion to vacate).

Signed: June 27, 2022

Kenneth D. Bell
United States District Judge